**ORIGINAL**

# In the United States Court of Federal Claims

No. 17-1549C
November 28, 2017

**FILED**

NOV 2 8 2017

U.S. COURT OF
FEDERAL CLAIMS

* * * * * * * * * * * * * * * * * *
WILL R. NOTTAGE,

    Plaintiff,

v.

UNITED STATES,

    Defendant.
* * * * * * * * * * * * * * * * * *

Motion to Dismiss; In Forma Pauperis; Prison Litigation Reform Act; Takings

**Will R. Nottage**, Miami, FL, pro se.

**David A. Levitt**, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him were **Lisa L. Donahue**, Assistant Director, Commercial Litigation Branch, **Robert E. Kirschman, Jr.**, Director, Commercial Litigation Branch, and **Chad A. Readler**, Acting Assistant Attorney General, Civil Division.

## OPINION

**HORN, J.**

On October 17, 2017, pro se plaintiff Will R. Nottage, who is currently a prisoner at Metro West Detention Center in Miami, Florida, filed a hand-written complaint with this court in the above-captioned case.[1] Plaintiff separately filed an Application to Proceed In Forma Pauperis that same day.

---

[1] Since December 15, 2015, plaintiff has filed at least six additional complaints or appeals on his own behalf, all of which appear to be unrelated to plaintiff's complaint in this case. See Nottage v. State, No. SC17-1580, (Fla. Aug. 25, 2017); Nottage v. State, No. 3D17-1284, (Fla. Dist. Ct. App. June 6, 2017); Nottage v. State, No. 3D15-2827, (Fla. Dist. Ct. App. Dec. 15, 2015); Nottage v. State, No. 3D15-2651, (Fla. Dist. Ct. App. Nov. 19, 2015); Nottage v. Adam, No. 2017-025651-CA-01, (Fla. Cir. Ct. Nov. 3, 2017); Nottage v. Adam, No. 2017-024177-CA-01, (Fla. Cir. Ct. Oct. 16, 2017).

7017 1450 0000 1346 0720

In his complaint, plaintiff states this court has jurisdiction over his complaint because plaintiff's claims relate to "various agencies who [sic] are funded through federal agencies." Plaintiff alleges that the

> joint venture of the U.S.CA [sic], Justice Administration Commission, IRS, President of Senate and the House of Representatives to name a few, which has supported the State of Florida to intrude on my estate and copywriting laws that imply-in-law [sic] contracts. Estate has nothing to do with actual land, but on IP/Intellectual Property basis, because it deals with one's nob-ility, clergy and commons. Agreements created in law without notifying the actual plaintiff or defendant citizens of a municipality of the contracts, terms and agreements that are transitioned.

Plaintiff defines nobility as "one's worthiness to be notified," clergy as "one's body [or] religion," and commons as "one's social status or one's right [to] participate actively in a social gathering." Although the handwriting following the above quoted portion of plaintiff's complaint is nearly illegible, plaintiff claims that "the statute [sic] that verify the facts of this truth are the following: s.733.37(2)(A), 27.52(1),(a)(5), (c), (d), (e)8, 2(O)1, (f), (g) & (i)3, s. 27.5303(1)(a) & (b) are a few statutes that prove this claim; which is an infringing of intellectual property done through law, and the benefit of selling due process services." Plaintiff's citations do not correspond with any federal statutes.[2]

Plaintiff also maintains that the government is operating an "intellect-ual scheme to municipalize the nation, or to transfer private ownership to municipal owner ship [sic]" and is attempting to "take over the ownership or management of [sic] (water, gas, electricity, stre-tcars [sic], farries [sic], etc.), in which annotating and copyrighting the laws, ent tled [sic] the government to have entitlement over." It is unclear whether plaintiff believes the federal government or the government of the State of Florida is administering the "intellectual scheme to municipalize the nation." Plaintiff's complaint seeks $3,000,000.00 in damages, and "Monetary, Non-Monetary Declaratory or injunctive Relief, and Punitive, but the most important is monetary; if you're unable to help me conce-rning the following two matters."

On October 31, 2017, defendant filed its opposition to plaintiff's Application to Proceed In Forma Pauperis and Motion to Dismiss Pursuant to the Prison Litigation Reform Act. In its motion, defendant argues plaintiff has filed a frivolous complaint, which must be dismissed pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915 (2012). Defendant maintains "the implication that [plaintiff] has a property interest in 'nobility, clergy, and commons,' an undefined concept, is fanciful." Moreover, defendant asserts that plaintiff's "claim that funding provided by the United States enabled the State of Florida to 'municipalize' his property and deprive him if [sic] is 'nobility, clergy, and commons' is fanciful on its face." Defendant further notes that plaintiff fails to identify any

---

[2] It may be that plaintiff, residing in a prison in Florida, was attempting to cite to sections 27.52, 27.5303, and 733.37 of the Florida Statutes.

2

property the State of Florida took from plaintiff, or identify any funding provided by the federal government to the State of Florida which caused harm to plaintiff.

## DISCUSSION

The court recognizes that plaintiff is proceeding pro se, without the assistance of counsel. When determining whether a complaint filed by a pro se plaintiff is sufficient to invoke review by a court, pro se plaintiffs are entitled to liberal construction of their pleadings. See Haines v. Kerner, 404 U.S. 519, 520-21 (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), reh'g denied, 405 U.S. 948 (1972); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9-10 (1980); Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977); Matthews v. United States, 750 F.3d 1320, 1322 (Fed. Cir. 2014); Diamond v. United States, 115 Fed. Cl. 516, 524, aff'd, 603 F. App'x 947 (Fed. Cir.), cert. denied 135 S. Ct. 1909 (2015). "However, '[t]here is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his [or her] pleading.'" Lengen v. United States, 100 Fed. Cl. 317, 328 (2011) (alterations in original) (quoting Scogin v. United States, 33 Fed. Cl. 285, 293 (1995) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975))); see also Bussie v. United States, 96 Fed. Cl. 89, 94, aff'd, 443 F. App'x 542 (Fed. Cir. 2011); Minehan v. United States, 75 Fed. Cl. 249, 253 (2007). "While a pro se plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, the pro se plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." Riles v. United States, 93 Fed. Cl. 163, 165 (2010) (citing Hughes v. Rowe, 449 U.S. at 9 and Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir.) ("Plaintiff bears the burden of showing jurisdiction by a preponderance of the evidence."), reh'g and reh'g en banc denied (Fed. Cir. 2002)); see also Shelkofsky v. United States, 119 Fed. Cl. 133, 139 (2014) ("[W]hile the court may excuse ambiguities in a pro se plaintiff's complaint, the court 'does not excuse [a complaint's] failures.'" (quoting Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995)); Harris v. United States, 113 Fed. Cl. 290, 292 (2013) ("Although plaintiff's pleadings are held to a less stringent standard, such leniency 'with respect to mere formalities does not relieve the burden to meet jurisdictional requirements.'" (quoting Minehan v. United States, 75 Fed. Cl. at 253)).

In order to provide access to this court to those who cannot pay the filing fees mandated by Rule 77.1(c) (2017) of the Rules of the United States Court of Federal Claims, 28 U.S.C. § 1915 permits a court to allow a plaintiff to file a complaint without payment of fees or security, under specific circumstances. Section 1915(a)(1) states that:

> Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of

3

> the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). Therefore, the statute at 28 U.S.C. § 1915(a)(1) requires a person to submit an affidavit with a statement of all the applicant's assets, and that the affidavit state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress. See id.

When enacting the in forma pauperis statute, 28 U.S.C. § 1915, Congress recognized that "'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 324 (1989)); see also McCullough v. United States, 76 Fed. Cl. 1, 3 (2006), appeal dismissed, 236 F. App'x 615 (Fed. Cir.), reh'g denied (Fed. Cir.), cert. denied, 552 U.S. 1050 (2007). Accordingly, Congress included subsection (e) in the in forma pauperis statute, which allows courts to dismiss lawsuits determined to be "frivolous or malicious," or when the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e). The United States Supreme Court has found that "a court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless' . . . a category encompassing allegations that are 'fanciful' . . . 'fantastic' . . . and 'delusional . . . .'" Denton v. Hernandez, 504 U.S. at 32-33 (internal citations omitted); see also McCullough v. United States, 76 Fed. Cl. at 3; Schagene v. United States, 37 Fed. Cl. 661, 663 (1997).

Courts, however, should exercise caution in dismissing a case under section 1915(e) because a claim that the court perceives as likely to be unsuccessful is not necessarily frivolous. See Denton v. Hernandez, 504 U.S. at 33. As stated by the United States Supreme Court, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Id.

The standard in 28 U.S.C. § 1915(a)(1) for in forma pauperis eligibility is "unable to pay such fees or give security therefor." Determination of what constitutes "unable to pay" or unable to "give security therefor," and therefore, whether to allow a plaintiff to proceed in forma pauperis is left to the discretion of the presiding judge, based on the information submitted by the plaintiff or plaintiffs. See, e.g., Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 217-18 (1993); Roberson v. United States, 115 Fed. Cl. 234, 239, appeal dismissed, 556 F. App'x 966 (Fed. Cir. 2014); Fuentes v. United States, 100 Fed. Cl. 85, 92 (2011). This court and its predecessors were established to make available a user friendly forum in which plaintiffs can submit their legitimate claims against the sovereign, limited only by the legislative decision to waive sovereign immunity as to the types of claims allowed. In fact, prominently posted at the entrance to this courthouse are the words of Abraham Lincoln: "It is as much the duty of government to render prompt justice against itself, in favor of citizens, as it is to administer the same, between private individuals."

Although plaintiff's apparent lack of income and financial resources may qualify plaintiff to proceed in forma pauperis, as discussed below, plaintiff's complaint is dismissed for lack of subject matter jurisdiction. "Subject-matter jurisdiction may be challenged at any time by the parties or by the court sua sponte." Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (citing Fanning, Phillips & Molnar v. West, 160 F.3d 717, 720 (Fed. Cir. 1998)). The Tucker Act, 28 U.S.C. § 1491, grants jurisdiction to this court as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). As interpreted by the United States Supreme Court, the Tucker Act waives sovereign immunity to allow jurisdiction over claims against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. See United States v. Navajo Nation, 556 U.S. 287, 289–90 (2009); United States v. Mitchell, 463 U.S. 206, 216 (1983); see also Alvarado Hosp., LLC v. Price, 868 F.3d 983, 991 (Fed. Cir. 2017); Greenlee Cnty., Ariz. v. United States, 487 F.3d 871, 875 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2007), cert. denied, 552 U.S. 1142 (2008); Palmer v. United States, 168 F.3d 1310, 1314 (Fed. Cir. 1999).

"Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States . . . ." United States v. Mitchell, 463 U.S. at 216; see also United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003); Smith v. United States, 709 F.3d 1114, 1116 (Fed. Cir.), cert. denied, 134 S. Ct. 259 (2013); RadioShack Corp. v. United States, 566 F.3d 1358, 1360 (Fed. Cir. 2009); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("[P]laintiff must . . . identify a substantive source of law that creates the right to recovery of money damages against the United States."); Golden v. United States, 118 Fed. Cl. 764, 768 (2014). In Ontario Power Generation, Inc. v. United States, the United States Court of Appeals for the Federal Circuit identified three types of monetary claims for which jurisdiction is lodged in the United States Court of Federal Claims. The court wrote:

> The underlying monetary claims are of three types. . . . First, claims alleging the existence of a contract between the plaintiff and the government fall within the Tucker Act's waiver. . . . Second, the Tucker Act's waiver encompasses claims where "the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum." Eastport S.S. [Corp. v. United States, 178 Ct. Cl. 599, 605–06,] 372 F.2d [1002,] 1007-08 [(1967)] (describing illegal exaction claims as claims "in which 'the Government has the citizen's money in its pocket'" (quoting Clapp v. United States, 127 Ct. Cl. 505, 117 F. Supp. 576, 580 (1954)) . . . .

5

Third, the Court of Federal Claims has jurisdiction over those claims where "money has not been paid but the plaintiff asserts that he is nevertheless entitled to a payment from the treasury." Eastport S.S., 372 F.2d at 1007. Claims in this third category, where no payment has been made to the government, either directly or in effect, require that the "particular provision of law relied upon grants the claimant, expressly or by implication, a right to be paid a certain sum." Id.; see also [United States v. ]Testan, 424 U.S. [392,] 401-02 [1976] ("Where the United States is the defendant and the plaintiff is not suing for money improperly exacted or retained, the basis of the federal claim-whether it be the Constitution, a statute, or a regulation-does not create a cause of action for money damages unless, as the Court of Claims has stated, that basis 'in itself . . . can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" (quoting Eastport S.S., 372 F.2d at 1009)). This category is commonly referred to as claims brought under a "money-mandating" statute.

Ontario Power Generation, Inc. v. United States, 369 F.3d 1298, 1301 (Fed. Cir. 2004); see also Twp. of Saddle Brook v. United States, 104 Fed. Cl. 101, 106 (2012).

To prove that a statute or regulation is money-mandating, a plaintiff must demonstrate that an independent source of substantive law relied upon "'can fairly be interpreted as mandating compensation by the Federal Government.'" United States v. Navajo Nation, 556 U.S. at 290 (quoting United States v. Testan, 424 U.S. 392, 400 (1976)); see also United States v. White Mountain Apache Tribe, 537 U.S. at 472; United States v. Mitchell, 463 U.S. at 217; Blueport Co., LLC v. United States, 533 F.3d 1374, 1383 (Fed. Cir. 2008), cert. denied, 555 U.S. 1153 (2009). The source of law granting monetary relief must be distinct from the Tucker Act itself. See United States v. Navajo Nation, 556 U.S. at 290 (The Tucker Act does not create "substantive rights; [it is simply a] jurisdictional provision[] that operate[s] to waive sovereign immunity for claims premised on other sources of law (e.g., statutes or contracts)."). "'If the statute is not money-mandating, the Court of Federal Claims lacks jurisdiction, and the dismissal should be for lack of subject matter jurisdiction.'" Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting Greenlee Cnty., Ariz. v. United States, 487 F.3d at 876); Fisher v. United States, 402 F.3d 1167, 1173 (Fed. Cir. 2005) (The absence of a money-mandating source is "fatal to the court's jurisdiction under the Tucker Act."); Price v. United States, 133 Fed. Cl. 128, 130 (2017); Peoples v. United States, 87 Fed. Cl. 553, 565–66 (2009).

When deciding a case based on a lack of subject matter jurisdiction or for failure to state a claim, this court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. See Erickson v. Pardus, 551 U.S. at 94 ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007) (citing Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508 n.1 (2002)))); Fid. & Guar. Ins. Underwriters, Inc. v. United States, 805

F.3d 1082, 1084 (Fed. Cir. 2015); Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

"Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir.) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983)), reh'g denied (Fed. Cir. 1997); see also Klamath Tribe Claims Comm. v. United States, 97 Fed. Cl. 203, 208 (2011); Gonzalez-McCaulley Inv. Grp., Inc. v. United States, 93 Fed. Cl. 710, 713 (2010). A plaintiff need only state in the complaint "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(1), (2) (2017); Fed. R. Civ. P. 8(a)(1), (2) (2017); see also Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57, 570 (2007)). To properly state a claim for relief, "[c]onclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." Bradley v. Chiron Corp., 136 F.3d 1317, 1322 (Fed. Cir. 1998); see also McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1363 n.9 (Fed. Cir. 2007) (Dyk, J., concurring in part, dissenting in part) (quoting C. Wright and A. Miller, Federal Practice and Procedure § 1286 (3d ed. 2004)); Briscoe v. LaHue, 663 F.2d 713, 723 (7th Cir. 1981) ("[C]onclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss."), aff'd, 460 U.S. 325 (1983). "A plaintiff's factual allegations must 'raise a right to relief above the speculative level' and cross 'the line from conceivable to plausible.'" Three S Consulting v. United States, 104 Fed. Cl. 510, 523 (2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555), aff'd, 562 F. App'x 964 (Fed. Cir.), reh'g denied (Fed. Cir. 2014). As stated in Ashcroft v. Iqbal, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' 550 U.S. at 555. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555).

In the above-captioned case, plaintiff asserts that this court has jurisdiction over his complaint because the complaint "relates to various agencies who [sic] are funded through federal agencies." Plaintiff's complaint is less than clear. Plaintiff appears to be asserting that because the federal government provided the State of Florida with funding, which Florida used to pass legislation creating "imply-in-law [sic] contracts" between its citizens and the government of Florida, it somehow created a legal relationship between plaintiff and the federal government. Plaintiff appears to allege that these "imply-in-law [sic] contracts" infringed on plaintiff's "nobility, clergy and commons." As the Supreme Court of the United States explained in Hatzlachh Supply Co., Inc. v. United States:

> The Tucker Act itself is only a jurisdictional statute, of course, and does not create a substantive right to money damages. United States v. Testan, 424 U.S. 392, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). The enforceable claim in this case must arise from the alleged contract. Moreover, the Court of Claims' jurisdiction with respect to contracts extends only to actual contracts, either express or implied in fact; it does not reach claims on

7

contracts implied in law. Alabama v. United States, 282 U.S. 502, 507, 51 S.Ct. 225, 226, 75 L.Ed. 492 (1931); Goodyear Tire & Rubber Co. v. United States, 276 U.S. 287, 292–293, 48 S.Ct. 306, 307, 71 L.Ed. 843 (1928); United States v. Minnesota Mutual Investment Co., 271 U.S. 212, 217, 46 S.Ct. 501, 502, 70 L.Ed. 911 (1926); Hill v. United States, 149 U.S. 593, 598, 13 S.Ct. 1011, 1013, 37 L.Ed. 862 (1893).

Hatzlachh Supply Co. v. United States, 444 U.S. 460, 465 n.5 (1980) (per curiam); see also Lumbermens Mut. Cas. Co. v. United States, 654 F.3d 1305, 1316 (Fed. Cir. 2011) (quoting Hercules Inc. v. United States, 516 U.S. 417, 423 (1996)); Johns-Manville Corp. v. United States, 12 Cl. Ct. 1, 18 (1987). Accordingly, the court lacks jurisdiction over plaintiff's claim that an "imply-in-law [sic]" contract existed between the federal government and plaintiff. Additionally, if plaintiff is asserting an implied-in-law contract existed between the State of Florida and plaintiff, this court lacks jurisdiction to review plaintiff's claim because this court does not have jurisdiction to review alleged implied-in-law contracts, nor does the court have jurisdiction over the actions of states, state officials, and state agencies. See Souders v. S.C. Pub. Serv. Auth., 497 F.3d 1303, 1307-08 (Fed. Cir. 2007); Jiron v. United States, 118 Fed. Cl. 190, 198 (2014); Woodson v. United States, 89 Fed. Cl. 640, 649 (2009).[3]

---

[3] In plaintiff's response to defendant's motion to dismiss, plaintiff argues

> THERE IS NO RULE IN THE FRCP [Federal Rules of Civil Procedure] THAT PROHIBITS PRISONERS FROM LITIGATION, AND THE 1ST AMENDMENT, WHICH IS A CONTRACT BETWEEN THE UNITED STATES AND THE CITIZENS THEREOF; THAT GUARANTEES THEM THE RIGHT TO FREEDOM OF SPEECH, OR OF THE PRESS OR THE RIGHT OF THE PEOPLE TO PEACEABLY ASSEMBLE, AND TO PETITION THE GOVERNMENT FOR REDRESS OF GRI-EVANCES. FOR MR. DAVID LEVITT TO ASK THE HONORABLE JUDGE MARION [sic] B. HORN TO DIMINISH THE OBLIGATION OF THIS CONSTITUTIONAL RIGHT WOULD BE ASKING THE JUDGE TO DISREGARD ARTICLE 1, SECT-ION 10 OF THE CONSTITUTION OF THE UNITED STATES WHICH STATES: THE STATES SHALL MAKE NO LAWS IMPAIRING THE OBLIGATION OF CONTRACTS. I WOULD ALSO LIKE TO NOTIFY THE HONORABLE MARION [sic] B. HORN AND ALL PARTIES INVOLVED THAT I AM NOT A PRISONER, BECAUSE I HAVEN'T BEEN CONVI-CTED OR SENTENCED TO A PRSION SENTENCE. FURHTER-MORE I AM INNOCENT OF THE CRIME ALLEDGED AGAINST ME, THAT WAS TRUMPED FROM AN EVENT, IN WHICH I WAS THE VICTIM . . . OF THE INCIDENT THAT LED TO ME BEING A DET-AINEE.

(capitalization in original). In its opposition to plaintiff's Application to Proceed In Forma Pauperis and Motion to Dismiss Pursuant to the Prison Litigation Reform Act, defendant does not assert that plaintiff's status as a prisoner or detainee precludes him from litigating his complaint, and the court notes that prisoners and detainees are not barred from filing lawsuits. Indeed, the in forma pauperis statute, 28 U.S.C. § 1915, permits a prisoner, which is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law,"

8

Plaintiff has failed to prove any contractual relationship between plaintiff and the federal government existed and has not alleged that he has made any payments to the federal government. The Tucker Act does not provide jurisdiction to this court over his claims because plaintiff has failed to demonstrate that any particular provision of law upon which he relies is money-mandating. See, e.g., United States v. Navajo Nation, 556 U.S. at 290; Ontario Power Generation, Inc. v. United States, 369 F.3d at 1301. The statutes cited by plaintiff do not impose any obligations on the United States. Therefore, this court does not have jurisdiction over plaintiff's above discussed allegations.

Additionally, it appears that plaintiff also is trying to assert that this court has jurisdiction over his complaint because plaintiff's rights arise under the Due Process Clause of the Fifth Amendment to the United States Constitution and are being violated by "selling due process services," a phrase plaintiff does not define or expand upon, when the federal government provided funds to the State of Florida, which Florida used to sell those "due process services." Plaintiff also attempts to cite Florida Statutes sections 27.52, 27.5303, and 733.37, all of which are state not federal statutes. Section 27.52 of the Florida Statutes provides for the determination of indigent status for purposes of obtaining a public defender, and section 27.5303 is concerned with the withdrawal of a public defender presented with a conflict of interest; moreover, section 733.37 has been repealed. See FLA. STAT. §§ 27.52, 27.5303, and 733.37 (2017). The federal statute at 11 U.S.C. § 365 discusses the responsibilities of a trustee when assuming or rejecting any executory contract or unexpired lease of a debtor. The Due Process Clause of the Fifth Amendment, however, "does not 'mandate money damages by the Government.'" Chittenden v. United States, 126 Fed. Cl. 251, 260 (quoting Smith v. United States, 36 F. App'x. 444, 446 (Fed. Cir. 2002) (citing LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995)), aff'd, 663 F. App'x 934 (Fed. Cir. 2016); see also Golden v. United States, 118 Fed. Cl. 764, 768 (2014); Faison v. United States, 102 Fed. Cl. 637, 643 (2012). Nor does the court have jurisdiction to adjudicate due process claims raised under the Fifth Amendment or Fourteenth Amendment to the United States Constitution. See James v. Caldera, 159 F.3d 573, 581 (Fed. Cir. 1998) (citing LeBlanc v. United States, 50 F.3d at 1028); Hufford v. United States, 87 Fed. Cl. 696, 704 (2009).

The United States Court of Federal Claims does have jurisdiction over non-frivolous takings claims asserted against the United States, see, e.g., Preseault v. Interstate Commerce Commission, 494 U.S. 1, 12 (1986) (quoting United States v. Causby, 328 U.S. 256, 267 (1946)), but subject matter jurisdiction only exists over takings

---

to litigate without paying a court's requisite filing fees. Moreover, the court also lacks jurisdiction over plaintiff's claims that his rights under the First Amendment are being violated because the First Amendment, by itself, does not provide an independent basis for jurisdiction in this court. United States v. Connolly, 716 F.2d 882, 887 (Fed. Cir. 1983), cert. denied, 465 U.S. 1065 (1984) ("We agree with the Court of Claims that the first amendment, standing alone, cannot be so interpreted to command the payment of money."); Volk v. United States, 111 Fed. Cl. 313, 326 (2013); Cox v. United States, 105 Fed. Cl. 213, 217, appeal dismissed (Fed. Cir. 2012).

claims when a plaintiff asserts a non-frivolous claim that falls within the court's general subject matter jurisdiction. See Filler v. United States, 116 Fed. Cl. 123, 127 (2014) (quoting Moden v. United States, 404 F.3d 1335, 1340 (Fed. Cir. 2005)), aff'd, 602 F. App'x 518 (Fed. Cir. 2015). If, however, the plaintiff also is trying to raise some type of a takings claim by the federal government of plaintiff's "intellectual property," plaintiff fails to allege a proper takings claim under the Fifth Amendment. In defendant's opposition to plaintiff's Application to Proceed In Forma Pauperis and Motion to Dismiss Pursuant to the Prison Litigation Reform Act, defendant argues plaintiff's takings claim is "unintelligible on its face" and should be dismissed as frivolous. Defendant correctly notes that plaintiff has failed to identify any property the federal government, or even the State of Florida, has taken from him, but only references his nobility, clergy, and commons. As noted above, according to defendant, plaintiff's complaint should be dismissed because "the implication that he has a property interest in 'nobility, clergy, and commons,' an undefined concept, is fanciful." A person's thoughts and private activities are not cognizable claims giving rise to a compensable property interest. See Riles v. United States, 93 Fed. Cl. 163, 165 (2010) ("Plaintiff's private thoughts and activities cannot be construed as being private property or intellectual property that would be subject to a regulatory taking, which is necessary for this Court to have jurisdiction."). Moreover, takings claims against states arise under the Due Process Clause of the Fourteenth Amendment. Souders v. S.C. Pub. Serv. Auth., 497 F.3d at 1308 (citing Chi., B. & Q. R. Co. v. City of Chi., 166 U.S. 226, 238-39 (1897)). Because Fourteenth Amendment due process claims or takings claims are "against a state governmental entity and are not 'against the United States,' the Court of Federal Claims does not have jurisdiction over them." See Souders v. S.C. Pub. Serv. Auth., 497 F.3d at 1308 (citing LeBlanc v. United States, 50 F.3d at 1028).

"Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (quoting Oneida Indian Nation of N.Y. v. Cnty. Of Oneida, 414 U.S. 661, 666 (1974)); see also Filler v. United States, 116 Fed. Cl. at 127 (citations omitted); Hicks v. United States, 118 Fed. Cl. 76, 86 n.5 (2014). Plaintiff has not identified any relationship with the federal government. Moreover, plaintiff has failed to identify a single action taken by the federal government that even remotely infringed on any property interest according to which plaintiff can claim his rights were abridged. Therefore, because plaintiff has not supported any of his allegations with any factual support or basis for asserting his claims, this court finds plaintiff's complaint to be frivolous within the meaning of 28 U.S.C. § 1915(e)(2) and denies plaintiff's Application to Proceed In Forma Pauperis. See, e.g., Floyd v. United States, 125 Fed. Cl. 183, 192 (2016) (finding plaintiff's application to proceed in forma pauperis to be frivolous when plaintiff failed to provide any factual allegations indicating the New York Police Department's device for taking electronic fingerprints infringed on plaintiff's patent); Manning v. United States, 123 Fed. Cl. 679, 685 (2015) (finding plaintiff's application to proceed in forma pauperis to be frivolous when plaintiff's taking claims were unsupported by any factual foundation).

The statute at 28 U.S.C. § 1915(e) also permits this court to dismiss a complaint that fails to state a claim upon which relief may be granted. The court reviews complaints in a civil action in which a prisoner seeks redress from a government entity or officer or employee of a government entity and may dismiss any portion of the complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." 28 U.S.C. § 1915A(b); see Hardin v. United States, 123 Fed. Cl. 667, 672 (2015); Manning v. United States, 123 Fed. Cl. at 684. In this case, plaintiff has offered only vague, conclusory, or incomprehensible allegations with no attendant support, which is not sufficient to state any of plaintiff's claims. See, e.g., Howell v. United States, 127 Fed. Cl. 792-93 (2016). Thus, plaintiff's complaint also fails to state a claim upon which relief may be granted.

## CONCLUSION

For the foregoing reasons, plaintiff's Application to Proceed In Forma Pauperis is **DENIED**, and plaintiff's complaint is **DISMISSED** for lack of subject matter jurisdiction and failure to state a claim. The Clerk's Office shall enter **JUDGMENT** consistent with this opinion.

**IT IS SO ORDERED.**

**MARIAN BLANK HORN**
**Judge**